UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT LACKNER,

      Plaintiff,

      v.

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY,

      Defendant.

Case No. 24-2562-EFM-BGS

## MEMORANDUM AND ORDER DENYING
## JOINT MOTION TO AMEND SCHEDULING ORDER

This matter comes before the Court on the parties' joint motion to amend the scheduling

order. Doc. 36. For the reasons stated below, the motion is **denied**.

### I.    Background

Plaintiff Robert Lackner brings this employment action against the Unified Government of

Wyandotte County alleging disability discrimination, retaliation, and violations of the Family and

Medical Leave Act ("FMLA") arising from the termination of his employment with the County's

Parks and Recreation Department. *See generally* Doc. 1. Plaintiff alleges that he worked as a

maintenance employee from April 2021 until March 23, 2023, and that during his employment he

suffered from PTSD and anxiety requiring intermittent FMLA leave and certain work restrictions,

including limitations on climbing ladders, working at heights, and handling electrical wires.

After the complaint was filed on December 6, 2024, the Court conducted a scheduling

conference and entered a scheduling order establishing deadlines for discovery and other pretrial

matters. *See* Doc. 12. The discovery deadline was set for February 20, 2026. As discovery

progressed, the parties jointly sought limited modifications to those deadlines. First, Plaintiff moved

for a short extension of the deadline to disclose expert witnesses, which the Court granted,

1

extending the deadline to November 7, 2025.  *See* Doc. 24.  Later, the parties jointly moved to extend the discovery deadline to allow additional time to complete depositions, which the Court granted, extending the discovery deadline to March 2, 2026.  *See* Doc. 28.

On March 13, 2026—11 days <u>after</u> the discovery deadline—the parties filed the present Joint Motion to Amend the Scheduling Order.  Doc. 36.  The parties request extensions of several remaining deadlines to allow additional time to complete depositions and address outstanding discovery matters.  After reviewing the motion and procedural history, the Court now addresses whether the parties have demonstrated good cause to modify the scheduling order.

## II.    Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The Tenth Circuit has held that the good cause standard requires the movant to show that "scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).  *See also* Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment (stating that good cause exists when a deadline cannot reasonably be met despite a party's due diligence).  The good cause standard also requires the moving party to provide an adequate explanation for any delay.  *Tesone*, 942 F.3d at 988.  The Court is "afforded broad discretion in managing the pretrial schedule."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

## III.    Analysis

The Court begins by observing that the present motion was filed after the discovery deadline had expired.  The discovery deadline is set for March 2, 2026.  The parties filed the instant motion

on March 13, 2026.  Accordingly, the request does not seek a prospective adjustment of an existing deadline; rather, it seeks relief from a deadline that has already passed.[1]

The Court finds that the parties have not demonstrated good cause to modify the scheduling order.  Although the parties assert that additional time is needed to complete depositions and obtain discovery responses, the circumstances described do not show that the existing deadlines could not be met despite diligent efforts.  Notably, Defendant represents that it served interrogatories and requests for production on Plaintiff on February 12, 2026—just weeks before the discovery deadline.  But discovery requests must be served sufficiently in advance of the discovery cutoff to allow responses to be served within the discovery period.  Serving written discovery so close to the deadline does not reflect diligent effort and does not provide a basis to extend the schedule.  The motion also offers little explanation for why the parties were unable to complete depositions within the time already provided, particularly given that the discovery deadline had already been extended once at the parties' request.

This conclusion is consistent with decisions from this District applying Rule 16(b)(4)'s good-cause standard.  In *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665 (D. Kan. 2003), for example, the court affirmed the denial of a motion to extend discovery where the moving party waited until the end of the discovery period to seek relief and had not timely sought the court's assistance despite claiming that discovery difficulties prevented completion of the schedule.  *Id.* at 667-68.  The court

---

[1] Technically, the parties must show both excusable neglect and good cause.  But good cause requires a greater showing than excusable neglect.  *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).  Since the parties have not met the "good cause" standard, the Court need not make a finding as to excusable neglect.  *See White Way, Inc. v. Firemen's Ins. Co. of Washington, D.C.*, No. 22-2195-KHV-RES, 2022 WL 17177371, at *3 n.4 (D. Kan. Nov. 23, 2022).  The Court will therefore confine its analysis to the good cause requirement.

On a similar note, the motion was not filed in compliance with D. Kan. Rule 6.1(a) which requires "[a]ll motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less than 3 days before the specified time."

explained that such delay does not demonstrate diligence and therefore does not establish good cause. Similarly, in *UMB Bank, N.A. v. Monson*, No. 21-2504-EFM-BGS, 2026 WL 472024 (D. Kan. Feb. 19, 2026), the court denied a joint motion to amend the scheduling order where the parties sought additional time after the discovery deadline had passed, emphasizing that Rule 16 requires more than a showing that discovery has been active or burdensome—it requires a showing that the deadlines could not be met despite diligent efforts. *Id.* at *3.

These principles apply here. As in those cases, the parties have not shown that the current deadlines were impossible to meet through diligent case management. Instead, certain discovery efforts—including written discovery served shortly before the discovery deadline—were initiated late in the discovery period, and the parties have not explained why the remaining discovery could not have been pursued earlier within the time already provided. Under these circumstances, the parties have not demonstrated good cause to modify the scheduling order.

That said, the parties are free to stipulate to conducting discovery after the discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. *See Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (recognizing that Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline). The Court urges the parties to utilize such stipulations to complete any remaining discovery. However, under these circumstances the Court will not be available to resolve any disputes that may arise during the course of such extended discovery.

To allow sufficient time for the parties to prepare a proposed pretrial order, the Court will make modest extensions to a couple of the deadlines. The deadline to submit a proposed pretrial order is extended to March 23, 2026. The pretrial conference is reset for March 30, 2026, at 10:00 a.m. All other deadlines remain as stated in the scheduling order.

**IT IS THEREFORE ORDERED** that the parties' joint motion to amend the scheduling order, Doc. 36, is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline to submit a proposed pretrial order is extended to **March 23, 2026**.  The pretrial conference is reset for **March 30, 2026, at 10:00 a.m**.  All other deadlines remain as stated in the scheduling order.

**IT IS SO ORDERED**.

Dated March 16, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge