IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ROBERT LACKNER,                          )
                                         )
                Plaintiff,               )
                                         )
v.                                       ) Case No. 2:24-cv-02562
                                         )
THE UNIFIED GOVERNMENT OF                )
WYANDOTTE COUNTY)                        )
                                         )
                                         )
                Defendant.               )

**PLAINTIFF'S OBJECTIONS TO DEFENDANT UNIFIED GOVERNMENT'S
DOCUMENT SUBPOENAS AND MOTION TO QUASH WITH INCORPORATED
SUGGESTIONS**

COMES NOW Plaintiff Robert Lackner, by and through his counsel of record, Randles Mata, LLC. and hereby objects to the Document Subpoenas requested by Defendant and moves to quash same.  As grounds for this Motion, the parties state the following: .

1.      Discovery in this matter closed on or about March 2, 2026.  While the Court allowed the parties to continue discovery after discovery close by agreement of the parties, there has been no agreement for further discovery beyond the depositions that had been scheduled prior to the close of discovery to occur after the close of discovery for the convenience of the witnesses.

2.      Plaintiff in the matter requested an additional deposition after the close of discovery but before the summary judgment deadline.  Defendant refused to agree to the taking of that deposition.  *See Ex. 1, Request and Denial for deposition of Angel Ramirez.*

3.      Now, defendant seeks to subpoena the employment records of Plaintiff from a prior employer after the close of discovery, and without seeking leave from the court.  The relevant

information contained in the subpoena has been gleaned through medical and tax records and authorizations that have been provided to the defendant through discovery. There is no hardship to defendant by refusing this additional discovery following the close of discovery. A copy of the requested subpoena is attached hereto as Exhibit 2. Discovery that has not been agreed between the parties can be adduced only with good cause shown. *See Hunsaker v. P&G Mfg. Co.,* 2010 U.S. Dist. LEXIS 137279 (D. Kan. 2010) at 2-3. In this matter, defendants have not attempted to show good cause nor have they received the stipulation of counsel. Accordingly, the records subpoena should be quashed.

4.      The records subpoenaed by defendant include employment records of Mr. Lackner from Arcwood Environmental f/k/a Heritage Environmental located in Kansas City, Missouri. In the request, the defendants seek information concerning sick time, job or non-job related accidents, injuries or physical impairments and documentation regarding any application for and granting of disability benefits. These confidential as to Plaintiff, giving him standing to object to their production. *See Sampson v. Salt Lake City Corp.,* 2026 U.S.Dist. LEXIS 104922 (D. Utah May 12, 2026) at 6.

5.      The documents requested  also will necessitate additional discovery as those types of documents do not generally speak for themselves. When an individual suffers injuries that are beyond the realm of common experience, additional testimony from an expert may be required. *See Clancy v. Miller,* 837 Fed.Appx. 630 (10th Cir. 2020). At this late date, plaintiff will be prejudiced should the records reflect any injury, disability, or physical impairment as he will have no opportunity to respond to those records. His deposition has been completed and Plaintiff does not agree to the reopening of that deposition.

6.      To the extent that defendants seek information that indicates that Plaintiff is disqualified from front pay or other equitable remedies, the information contained in the records alone is insufficient to raise that defense.

7.      Plaintiff provided authorizations as requested by the defendants well before the close of discovery.  Plaintiff comes to the court with clean hands and requests the Court to quash the records depositions.

8.      Because of the prejudice that Plaintiff will suffer as a result of this delayed discovery in this matter, Plaintiff requests the Honorable Court to quash the proposed record subpoena to Arcwood Environmental f/k/a Heritage Environmental.

WHEREFORE, Plaintiff respectfully Objects to the Records Subpoena on Arcwood Environmental f/k/a Heritage Environmental and requests the Honorable Court to quash the subpoena of that entity and any others that defendant seeks after the close of discovery.

Respectfully submitted,


/s/ *Rebecca M. Randles*
 REBECCA M. RANDLES          KS #16832
 RANDLES MATA, LLC
 851 NW 45th Street
 Suite 310
 Kansas City, Missouri 64116
 (816)931-9901 (816) 931-0134
 rebecca@randlesmatalaw.com

ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July, 2026, I electronically filed the above document with the Clerk of the court using the CM/ECF system which sent notification of this filing to all counsel of record.

/s/ Rebecca M. Randles
Attorney for Plaintiff

2