## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Robert Lackner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-2562-EFM-BGS |
| | ) | |
| Unified Government of Wyandotte | ) | |
| County/Kansas City, Kansas | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA TO HERITAGE ENVIRONMENTAL

Defendant, by and through its attorneys of record, submit the following Response in Opposition to Plaintiff's Motion to Quash. ECF Doc. 55.

## I.   NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Robert Lackner filed a Complaint, ECF Doc. 1, on December 6, 2024. Plaintiff originally asserted causes of action for: (1) Failure to Accommodate (2) Disability Discrimination (Disparate Treatment) (3) Hostile Work Environment (4) Retaliation and (5) Wrongful Discharge, which this Court noted as a duplicate of the Discrimination claim, all under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq. ECF Docs. 1, 45. Plaintiff also brought claims of (6) Violation of FMLA and (7) FMLA Retaliation pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. *Id.* As seen in the Pretrial Order, ECF Doc. 45, Plaintiff asserts these same claims.

Plaintiff now argues that the subpoena sent to Plaintiff's former employer, Heritage Environmental, requesting personnel records should be quashed because (1) Plaintiff did not agree to further discovery (2) Defendant denied the deposition of Angel Ferrara (misstated as

Angel Ramirez by Plaintiff) and (3) the employment records requested are confidential. Defendant has shown good cause as to why this subpoena should not be quashed, as stated below. ECF Doc. 55.

## II.    ARGUMENTS AND AUTHORITIES

### A. Plaintiff Voluntarily Provided Defendant with an Executed Authorization for Employment Records Which Defendant Acted Upon in Good Faith

On February 12, 2026, Defendant sent its discovery requests to Plaintiff, in which Plaintiff responded on April 7, 2026. ECF Doc. 43. In these responses were signed authorizations for Defendant to obtain medical records, tax information and employment records. Defendant attempted to obtain these records earlier, on March 24, 2026, with no response from Plaintiff. **Exhibit A, Authorization Email**. Discovery closed on March 2, 2026, but this Court recognized that discovery may continue upon agreement of the parties. ECF Doc. 28. The Authorization which Plaintiff signed permitted Defendant to retrieve documents such as applications, resumes, job duty information, performance evaluations, discipline, termination of employment, payroll, and workers' compensation records. **Exhibit B, Employment Authorization**. Plaintiff signed this Authorization in the presence of a notary on April 3, 2026, and sent it to Defendant on April 7, 2026. *Id*. Thus, Plaintiff has consented to the production of these documents, and he cannot now object that these materials are confidential in nature.

Assuming, *arguendo*, that Plaintiff did not provide authorization for the employment records, confidential employment records may be subject to subpoena even over privacy objections provided the subpoena is not unreasonable or oppressive, as confidentiality alone does not equate to privilege and is not a sufficient basis to quash a subpoena. *Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2002 WL 1932538 (D. Kan. July 25, 2002); *P.S. ex rel. Nelson v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2007 WL 4570872 (D. Kan. Dec. 27, 2007). If Plaintiff is

truly concerned about the employment records and the confidential information contained therein, the court is vested with authority to conduct an in-camera examination and issue such protective orders as it deems advisable to keep the information from prying eyes and to prevent its misuse. See *Stewart v. Mitchell Transp.*, No. 0CIV.A. 01-2546-JWL, 2002 WL 1558210 (D. Kan. July 11, 2002); *Kansas Commission on Civil Rights v. Sears, Roebuck & Co.,* 216 Kan. 306 (1975).

Additionally, Defendant attempted in good faith to obtain the materials from Heritage Environmental the same month it was received, in which Heritage Environmental denied the request for those documents without a subpoena. **Exhibit C, Request to Heritage; Exhibit D, Denial from Heritage**. After Heritage denied the request for employment documents on May 12, 2026, Defendant filed its Notice of Intent to Issue a Subpoena on May 28, 2026. ECF Doc. 50. The Affidavit of Service was filed on June 23, 2026. ECF Doc. 54.

To address Plaintiff's allegation that Defendant did not in good faith attempt to schedule the deposition of Angel Ferrara (misnamed as Angel Ramirez in ECF Doc. 55), Defendant reached out to Plaintiff before the close of discovery to schedule the deposition. **Exhibit E, Ferrara Depo Email**. Plaintiff never responded to the email sent on February 20, 2026. Thus, no deposition of Angel Ferrara was set.

Overall, Plaintiff consented to Defendant requesting these employment records from Heritage Environmental and Defendant has shown good faith attempts at conducting discovery, including retrieving the employment records, throughout this matter. Thus, Defendant respectfully requests that this Court deny Plaintiff's Motion to Quash for the reasons above.

## III.    CONCLUSION

Defendants respectfully request this Court to deny Plaintiff's Motion to Quash the

Subpoena to Heritage Environmental, for the reasons stated herein, and for any and all such further relief which the Court deems just and equitable.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone (913) 371-3838
Fax (913) 371-4722
Email: rdenk@mvplaw.com
        kdumovich@mvplaw.com

By: */s/ Ryan B. Denk*
Ryan B. Denk                #18868
Kathryn M. Dumovich         #30276
*Attorneys for Defendant Unified Government of Wyandotte County / Kansas City, Kansas*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 15th day of July, 2026, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Rebecca Randles
**Randles Mata, LLC**
851 N.W. 45th St., Suite 310
Kansas City, Missouri 64116
Telephone: (816) 931-9901
rebecca@randlesmatalaw.com

*Attorneys for Plaintiff*

   /s/ *Ryan B. Denk*

4